**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
ARTHUR W. LEE and JOANNE LEE,

                       Plaintiffs,

                                                          **ORDER**
      -against-                                     04-CV-3864 (ADS) (MLO)

LUHRS CORPORATION, OAKDALE YACHT
& BOAT SALES, INC. and L&B LINCOLN
MERCURY, INC.,

                       Defendants.
---------------------------------------------------------------X
**APPEARANCES:**

**BAQUET & CURCIO, P.C.**
Attorneys for the Plaintiffs
445 Broadhollow Road, Suite 200
Melville, New York 11747
        By:    Robert P. Baquet, Esq., Of Counsel

**KENNEDY LILLIS SCHMIDT & ENGLISH**
Attorneys for the Defendant Luhrs Corporation
75 Maiden Lane, Suite 402
New York, New York, 10039-4816
        By:    Thomas Charles Murphy, Esq., Of Counsel

**NICOLETTI HORNIG CAMPISE SWEENEY & PAIGE**
Attorneys for Defendant Oakdale Yacht & Boat Sales, Inc
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
        By:    James F. Campise, Esq., and
                  Terry L. Stoltz, Esq., Of Counsel

**KENNETH LEVINE, ESQ.**
Attorney for the Defendant L & B Lincoln Mercury, Inc.
475 East Main Street, Suite 104
Patchogue, New York 11772
**SPATT, District Judge.**

On July 20, 2004 the plaintiff's Arthur W. Lee and Joanne Lee (collectively, the "Lees" or the "Plaintiffs") commenced this action against the Luhrs Corporation ("Luhrs"), Oakdale Yacht & Boat Sales Inc. ("Oakdale"), and L & B Lincoln Mercury Inc. ("L & B") (collectively, the "Defendants") in the Supreme Court, County of Suffolk. On September 8, 2004, Oakdale removed this action to this Court on the basis that this was a case involving federal admiralty and maritime law. Thereafter, on October 7, 2004, the Plaintiffs filed a motion to remand this action back to State Court. The Plaintiffs also requested attorney's fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). Oakdale does not oppose the motion to remand but objects to an award of attorney's fees and costs.

According to the provisions of section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to grant attorney's fees "requires application of a test of overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992) (internal quotation marks omitted). "Though the Court has broad discretion to award such costs and expenses, district courts typically do not make such awards unless the removal appears to have been frivolous and not plausibly supported by some existing case law." *Intertec Contracting A/S Intertec (Gibraltara) Ltd. v. Turner Steiner International, S.A.*, No. 98 Civ. 9116,

2001 WL 812224, at *6 (S.D.N.Y. July 18, 2001) (internal quotations omitted).

In this case, the Court has reviewed the relevant facts and circumstances and finds that the removal was not frivolous and could be viewed as being supported by some case law.  Accordingly, the Court declines to award attorney's fees and/or costs to the plaintiffs.

Based on the foregoing, it is hereby

**ORDERED**, that the Plaintiff's motion to remand this action to the State of New York Supreme Court, County of Suffolk is **GRANTED**; and it is further

**ORDERED**, that the Plaintiff's request for an award of attorney's fees and costs is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
April 28, 2005

    ARTHUR D. SPATT
United States District Judge